BOVEY-SHUTE LUMBER COMPANY, a Corporation, v. OLE IVERSON, Gunhild Salveson, and Imperial Elevator Company, a Corporation.

(Two cases.)

(155 N. W. 32.)

Action to foreclose mechanic's lien. Trial *de novo*. Plaintiff alleges that it sold certain lumber to the defendant in 1907, and that it perfected a lien in 1911. Evidence examined and, *held,*—

Mechanic's lien — action to foreclose — complaint — allegations — proof — failure of — contract — between parties — absence of.

That there is a total failure of proof of the allegations of the complaint, the proof showing a sale to defendant's father. Being no contract, there can be no lien, and the action must fail.

Opinion filed November 2, 1915.

APPEAL from the District Court of Pierce County, *Burr,* J.
Affirmed.

*Flynn & Traynor,* for appellants.

The materials having been purchased and delivered under the law in force in 1907, such law only is applicable, and controls in this case, and fixes the right of plaintiff to its lien. Comp. Laws 1913, § 6237; Session Laws, 1909, chap. 158; Session Laws, 1911, chap. 187; Mahon v. Surerus, 9 N. D. 57, 81 N. W. 64; Craig v. Herzman, 9 N. D. 140,

81 N. W. 288; Salzer Lumber Co. v. Claflin, 16 N. D. 602, 113 N. W. 1036; Bardwell v. Mann, 46 Minn. 285, 48 N. W. 1120; Nystrom v. London & N. W. American Mortg. Co. 47 Minn. 31, 49 N. W. 394; Nelson v. Sykes, 44 Minn. 68, 46 N. W. 207; Garneau v. Port Blakely Mill Co. 8 Wash. 467, 36 Pac. 463; Weaver v. Sells, 10 Kan. 609; Weber v. Bushnell, 171 Ill. 587, 49 N. E. 728; Walker v. Whitehead, 16 Wall. 314, 317, 21 L. ed. 357, 358.

The consent of the owner may be implied from his failure to make objection. Boisot, Mechanics Liens, §§ 19, 20, pp. 23–25; Rev. Codes 1905, § 6237, Comp. Laws 1913, § 6814; Congdon v. Cook, 55 Minn. 1, 56 N. W. 253; Wheaton v. Berg, 59 Minn. 525, 52 N. W. 926; Heath v. Solles, 73 Wis. 217, 40 N. W. 804; Scroggin v. National Lumber Co. 41 Neb. 195, 59 N. W. 548; Evans v. Judson, 120 Cal. 282, 52 Pac. 585; Rev. Codes 1905, § 6243, Comp. Laws 1913, § 6823.

Where it is the intent of the leasehold agreement that the lessee shall improve the property, which will benefit the lessor, and the lessor consents to the making of the improvements, his fee is subject to the lien. Kremer v. Walton, 16 Wash. 139, 47 Pac. 238; Evans v. Judson, 120 Cal. 282, 52 Pac. 585; Dougherty-Moss Lumber Co. v. Churchill, 114 Mo. App. 578, 90 S. W. 405; Otis v. Dodd, 90 N. Y. 336; Mosher v. Lewis, 10 Misc. 373, 31 N. Y. Supp. 435.

Before the penalties of the statute will be visited upon the party failing to furnish a bill of particulars, he must first have been ordered by the court to furnish it, and have failed to do so. Hanson v. Lindstrom, 15 N. D. 584, 108 N. W. 798.

*L. R. Nostdal,* for respondents.

The written demand for verified statement of account, made by defendants, was ignored by plaintiff. Plaintiff was therefore not entitled to offer proof in support of its complaint. Rev. Codes 1905, § 6868, Comp. Laws 1913, § 7457.

Conversations had with a person, since deceased, cannot be shown in evidence. Rev. Codes 1905, § 7253, Comp. Laws 1913, § 7871; Session Laws, 1907, 1909.

Plaintiff neglected to file its claim against the estate of Iverson within the law limit, and it is therefore barred. Rev. Codes 1905, §§ 8097,

8099, 8100, 8103, 8105, Comp. Laws 1913, §§ 8734, 8736, 8737, 8740, 8742.

BURKE, J.   Action to foreclose mechanic's lien; trial *de novo*. Plaintiff for its cause of action alleges, in addition to the formal matters, that "on or about the 8th day of July, 1907, it made a contract with Ole Iverson, through his agent, Eric Iverson, and Mrs. Eric Iverson, wherein and whereby the above-named plaintiff agreed to furnish to the said Ole Iverson certain material for the erection, alteration, and repair of a certain dwelling house, etc." He further alleges that on the 11th of September, 1911, a mechanic's lien was perfected against the premises upon which said building was erected. This action seeks to foreclose said lien, Ole Iverson being the principal defendant, two other creditors being made defendants to determine their adverse liens.

Upon the trial one Christianson was called as a witness for the plaintiff, and testified that he was the yard agent through whom the sale was made. Further he testified:

Q. Did you sell this lumber to Ole Iverson?

A. No, sir.

Q. At the time you sold it to Eric Iverson and at the time of its delivery, was Ole Iverson present?

A. Why, he hauled the lumber for his father.

Q. And you delivered it to him to haul for his father, did you?

A. Yes, sir.

Q. On or about 1907 did you make a sale of some lumber to Eric Iverson?

A. Yes, sir.

Q. And do you know for what that lumber was purchased,—what was stated to you at that time?

A. It was for an addition to the Ole Iverson house.

Q. Who hauled the lumber?

A. Ole Iverson hauled the most of it.

It further developed upon the trial that in July, 1907, Ole Iverson was the owner of a quarter section of land, upon which he resided with

his family. His father, Eric, and mother, Barbara Iverson, desiring to erect a building thereon and live near their son, it was agreed among themselves that the father pay for the lumber, and build what was practically an addition to the son's house. Pursuant to this understanding the father, Eric, bought of the Bovey-Shute Lumber Company $323.50 worth of lumber, paying thereon the sum of $229.15. The son had nothing to do with the transaction excepting to haul home the lumber. December 17, 1907, the father died, intestate; an administrator was appointed, notice given to creditors, and finally the property of deceased, including this addition to the dwelling house, was distributed according to law and the administrator discharged in 1909. The lumber company did not file any claim against the estate, and the same is therefore barred by the statute of nonclaim. In the distribution of the estate the dwelling house was treated as personal property, and title thereto transferred to the mother, Barbara Iverson, who was not made a party to the present action. Upon September 11, 1911, the lumber company filed a mechanics' lien against the son, Ole, which lien is the basis of the present action. The lower court rendered judgment for the defendant, and this appeal follows. Appellant devotes most of his brief to a discussion of the statute under which the lien was filed. The view which we have taken of the case, however, renders it unnecessary to enter into a discussion of these phases.

(1) It is plain to us that there has been a total failure of proof of the allegations of plaintiff's complaint. It is alleged a contract was made with the son, Ole, and the proof shows a sale to the father, Eric. The son certainly cannot be held, upon this showing, for the price of the lumber. Being no contract, there can be no lien, and the action must fail. Whether this situation arose through the failure of plaintiff to file a claim against the estate of Eric Iverson we need not discuss. It is also patent that no lien can be allowed against the building. It now belongs to the mother, and she was not made a party to this action. Judgment of the trial court is affirmed.